# Robertson, Appellant, *v.* Hatfield, et al.

*Trusts and trustees—Contracts—Construction—Agreement for support of child—Discretion of trustee.*

Where an agreement between the father and the mother of a child, and a trustee, provided for the payment by the father to the trustee of $5,000 a year, said sums to be used by the trustee "in her discretion for and toward the care, support, maintenance and education of the said L. H. S. (the child), without any liability to account to the said J. S., Jr. (the father), for the manner in which said money, or any part thereof, is expended; the intention hereof being that that sum shall be spent each and every year during said child's life for the purposes stated, in the sole and absolute discretion of the party receiving the same," the trustee or her substituted trustee has absolute discretion how much to expend for the purposes of the agreement, and where the substituted trustee has expended $2,400 in a year, and has refused to expend more, on the ground that said sum is sufficient, his discretion will not be interfered with by the court.

Argued March 28, 1913.   Appeal, No. 24, Jan. T., 1913, by Lee Henry Robertson, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1911, No. 5304, dismissing bills in equity in cases of Lee Henry Robertson v. Charles J. Hatfield and James Spear, Jr., and James Spear, Jr., v. Charles J. Hatfield and Lee Henry Robertson.   Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Bill and cross bill in equity to enforce an agreement for the support of appellant's daughter.

From the record it appeared that Lee Henry Robertson and James Spear, Jr., formerly husband and wife, entered into a written agreement, to which also the trustee under the agreement was a party, providing for the support of their child, Louise Henry Spear, the material part of which agreement was as follows:

Second.—That the said James Spear, Jr., will on the

day of the execution of this agreement, pay to Mrs. Louise S. Hatfield, the sum of two thousand dollars, and will give to her at the same time a check for the further sum of two thousand five hundred dollars payable July 5, 1908; and thereafter within ten days from the first day of January of each and every year, so long as his daughter Louise Henry Spear, shall live, will pay to the said Mrs. Louise S. Hatfield the sum of five thousand dollars, if his income from his father's estate, payable in January exceeds the sum of ten thousand dollars, but if it is less than that sum he shall pay to her one-half of the income then receivable, and the balance, so as to amount to five thousand dollars per year, on the first day of April of that year, all said sums to be used by her, in her discretion, for and towards the care, support, maintenance and education of the said Louise Henry Spear, without any liability to account to the said James Spear, Jr., for the manner in which said money, or any part thereof, is expended; the intention hereof being that that sum shall be spent each and every year during said child's life for the purposes stated, in the sole and absolute discretion of the party receiving the same.

Mrs. Hatfield, the original trustee, died and her husband succeeded her as trustee, under the terms of the agreement. He declined to expend more than $2,400 a year for the purposes of the agreement, on the ground that this was enough for the support of the daughter. Lee Henry Robertson filed a bill in equity against the trustee and James Spear, Jr., to require the trustee to expend the entire amount received by him ($5,000) for the maintenance and education of the daughter, Louise Henry Spear, or if any surplus remained to pay, it over to plaintiff. James Spear, Jr., was allowed to intervene and filed a cross bill against the trustee and Lee Henry Robertson, praying that the balance remaining in the hands of the trustee, after providing for the support of the daughter, should be returned to him.

BREGY, P. J., filed the following findings of fact and conclusions of law:

### FINDINGS OF FACT.

I find these to be the facts:

First.—On April 20th, 1908, Lee Henry Robertson (at that time Lee Henry Spear), the plaintiff in the original bill in equity; James Spear, Jr., the plaintiff in the cross bill, and Louise S. Hatfield, entered into the agreement set forth as Exhibit A to both bill and cross bill.

Second.—By the will of the father of the said James Spear, Jr., mentioned in said agreement, the latter receives the income of the sum of $669,551.16 for life, with the right to dispose of $50,000 thereof by will, and with remainder, as to the balance, to the children of said James Spear, Jr.

Third.—Louise Henry Spear, named in said agreement, is the only child of the said James Spear, Jr. She was born February 7th, 1904, and has always resided with her mother, Lee Henry Robertson. Their present residence is and for some time has been at Ruxton, Baltimore County, Maryland.

Fourth.—On August 22d, 1909, said Louise S. Hatfield, the trustee named in said agreement, died, and Charles J. Hatfield, the substituted trustee named therein, and a defendant in both bill and cross bill, accepted the trust under said agreement, and is still acting as such trustee.

Fifth.—On May 11th, 1910, the said Lee Henry Spear intermarried with Charles E. Robertson.

Sixth.—On February 1st, 1912, the said Lee Henry Robertson was duly appointed guardian of the person and estate of the said Louise Henry Spear by the Orphans' Court of said Baltimore County, Maryland.

Seventh.—During the year 1911, the said James Spear, Jr., paid to the said Charles J. Hatfield in accordance with said agreement, the said sum of $5,000 for that year, and thereof the latter, against the pro-

tests of plaintiff, expended only the sum of $2,400 "for and towards the care, support, maintenance and education of the said Louise Henry Spear," claiming that that sum was a sufficient expenditure for those purposes. That claim was and is disputed by the said Lee Henry Robertson, individually and as guardian as aforesaid, but it was agreed between counsel that all questions relating to the amount which should have been expended shall be left open until the questions arising out of the construction of said agreement shall have been finally determined.

Eighth.—Upon said unexpended balance of $2,600 interest has accumulated in the sum of $118.62.

Ninth.—On February 3d, 1912, the said James Spear, Jr., paid to the said Charles J. Hatfield, the said sum of $5,000 for that year, and thereout the said Charles J. Hatfield has expended each month the sum of $200, and has made an additional payment of $224 to cover the summer vacation of said Louise Henry Spear, and a bill for expenses growing out of the illness of her nurse.

Tenth.—James Spear, Jr., was divorced from Lee Henry Robertson (then Spear) on May 3d, 1910.

Eleventh.—The trustee is allowing $200 per month for the care, support, maintenance and education of the child, and states that he considers that to be the proper amount to expend for such purposes.

Twelfth.—No evidence was offered to show that the child requires a greater allowance or more money than the trustee has allowed.

Thirteenth.—James Spear, Jr., paid under said agreement to the trustee on February 3d, 1912, the sum of $5,000 under protest that the unexpended balance should be credited on that amount.

### CONCLUSIONS OF LAW.

First.—The fundamental purpose of the agreement of April 22d, 1908, is to create a fund for the care, support, maintenance and education of Louise Henry Spear by

imposing upon James Spear, Jr., an obligation to pay to the trustee under said agreement the sum of $5,000 per year.

Second.—The agreement of April 22d, 1908, confers upon the trustee an absolute discretion as to how much of the fund under his control shall be expended in any year for the purposes for which the fund is created.

Third.—The agreement of April 22d, 1908, confers upon the trustee an absolute discretion as to when the money under his control shall be expended for the purposes therein set forth.

Fourth.—Under the agreement of April 22d, 1908, the unexpended balance of the fund created under the said agreement remaining in the hands of the trustee is subject to use at any time during the lifetime of Louise Henry Spear for the purposes set forth in the said agreement.

Fifth.—At this time, Louise Henry Spear being still alive, Lee Henry Robertson, the plaintiff in the bill filed in this cause, has no right to the unexpended balance in the hands of the trustee under the agreement of April 22d, 1908.

Sixth.—At this time, Louise Henry Spear being still alive, James Spear, Jr., the plaintiff in the cross bill filed in this cause, has no right to the unexpended balance in the hands of the trustee under the agreement of April 22d, 1908.

Seventh.—It is not necessary at this time to determine the rights that may exist under the agreement of April 22d, 1908, as to any unexpended balance in the hands of the trustee at the time of the death of Louise Henry Spear.

Eighth.—The bill and cross bill should be dismissed.

The costs in each case to be paid by the party filing the bill, to wit: Lee Henry Robertson the costs in the original bill and James Spear, Jr., the costs in the cross bill.

The court made a decree dismissing the bills. Lee Henry Robertson appealed.

*Errors assigned* were various rulings on facts and law and the decree of the court.

*Francis Shunk Brown,* with him *Alex. Simpson, Jr.,* for appellant.

*James Collins Jones,* for Charles J. Hatfield, appellee.

*John G. Johnson,* with him *Martin V. Bergen, Jr.,* for James Spear, Jr., appellee.

PER CURIAM, April 28, 1913

The decree is affirmed on the findings of fact and conclusions of law by the learned president judge of the Common Pleas.